**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway, Suite 6085
New York, New York 10018
212) 563-9884
michael@thesamuellawfirm.com
*Attorneys for Plaintiff*

| | |
|---|---|
| Jose Adolfo Salazar Mendez,<br><br>*Plaintiff,*<br><br>v.<br><br>Maria de Lourdes Bike Shop Corporation d/b/a Maria de Lourdes Bike Shop, Maria de Lourdes Palma Ahuatl, and Alfredo Rojas Escobar,<br><br>*Defendants.* | Docket No. **1:26-cv-07651**<br><br>CIVIL ACTION<br><br>COMPLAINT |

Plaintiff Jose Adolfo Salazar Mendez (hereinafter, Plaintiff), by and through his undersigned attorneys, for his complaint against defendants Maria de Lourdes Bike Shop Corporation d/b/a Maria de Lourdes Bike Shop, Maria de Lourdes Palma Ahuatl, and Alfredo Rojas Escobar (hereinafter collectively, "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff, a former employee of Defendants, pursuant to the Fair Labor Standards Act (“FLSA”), 29 U.S.C. § 216(b), alleges that he is entitled to recover from Defendants, jointly and severally: (i) compensation for unpaid wages for overtime work for which he did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the

Defendants' violations were willful and lacked a good faith basis.

2. Plaintiff further complains that he is entitled to recover from Defendants: (i) back wages for unpaid minimum wage, and overtime premium for overtime work, each of which Defendants willfully failed to pay as required by the New York Labor Law §§ 650 et seq. ("NYLL") and the supporting New York State Department of Labor regulations; (ii) unpaid spread-of-hours compensation for shifts worked lasting in excess of 10 hours from start to finish in violation of the NYLL; (iii) liquidated damages pursuant to the NYLL for these violations; and (iv) statutory damages for the Defendants' violations of the Wage Theft Prevention Act, each of which violations caused Plaintiff financial harm.

**PARTIES**

3. Plaintiff Jose Adolfo Salazar Mendez is an adult individual, residing in Bronx, New York.

4. At all times relevant herein, Maria de Lourdes Bike Shop Corporation d/b/a Maria de Lourdes Bike Shop has been a domestic business company organized under the laws of the State of New York with a principal place of business at 3931 White Plains Rd, Bronx, New York 10466 (hereinafter, "Maria de Lourdes Bike Shop").

5. At all times relevant herein, defendant Maria de Lourdes Bike Shop has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

6. Upon information and belief, at all relevant times,

defendant Maria de Lourdes Bike Shop has had gross revenues in excess of $500,000.00.

7. Upon information and belief, at all relevant times herein, defendant Maria de Lourdes Bike Shop has used goods and materials produced in interstate commerce and has employed at least two individuals who handled such goods and materials.

8. Defendant Maria de Lourdes Palma Ahuatl is an adult individual, residing in this district, and is an owner or part owner and principal of Maria de Lourdes Bike Shop, and/or a manager of the business who has/had the power to hire and fire employees, set wages and work schedules, and maintain their records, including those of Plaintiff (hereinafter, "Defendant Ahuatl").

9. Defendant Alfredo Rojas Escobar is an adult individual, residing in this district, and is an owner or part owner and principal of Maria de Lourdes Bike Shop, and/or a manager of the business who has/had the power to hire and fire employees, set wages and work schedules, and maintain their records, including those of Plaintiff (hereinafter, "Defendant Escobar").

10. At all times relevant herein, defendants Ahuatl and Escobar have been involved in the day-to-day operations of Maria de Lourdes Bike Shop and played active role in managing the business, scheduling, supervising and paying Plaintiff during his employment by Defendants.

11. At all relevant times herein, Defendants each constituted an "employer" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

13. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## FACTS

15. At all relevant times herein, Defendants owned and operated a repair shop located at 3931 White Plains Rd, Bronx, New York, doing business under the name Maria de Lourdes Bike Shop.

16. Plaintiff was employed by Defendants at Maria de Lourdes Bike Shop from approximately July 22, 2025, to November 2, 2026, as a bike shop mechanic.

17. Plaintiff’s work at Maria de Lourdes Bike Shop was performed in the normal course of Defendants’ business, was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

18. At all relevant times herein, while employed at Maria de Lourdes Bike Shop, Plaintiff was an employee engaged in commerce and/or

in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

19. From July 22, 2025, through June 2026, Plaintiff worked a regular schedule of 7 days per week, from 10:00 a.m. to 8:00 p.m.; totaling approximately 10 hours per shift and 70 hours per week; with no day off.

20. From July 2026 through August 2026, Plaintiff worked a regular schedule of 6 days a week: Monday, Wednesday, Thursday, Friday, Saturday, and Sunday, from 10:00 a.m. to 10:00 p.m.; totaling approximately 12 hours per shift and 72 hours per week; with Tuesday off.

21. From September 2026 until November 2, 2026, Plaintiff worked a regular schedule of 6 days per week: Monday, Wednesday, Thursday, Friday, Saturday, and Sunday, from 10:00 a.m. to 8:00 p.m.; totaling approximately 10 hours per shift and 60 hours per week; with Tuesday off.

22. During his employment at Maria de Lourdes Bike Shop, Plaintiff was paid weekly, in cash as follows: from July 22, 2025, to November 2025, at a rate of $10 per hour; from December 2025 to January 2026, at a rate of $13 per hour; and from February 2026 to November 2, 2026, at a rate of $14 per hour.

23. As a result, during his employment with Defendants, Plaintiff's effective hourly rate(s) of pay were below the applicable New York State minimum wage in effect at relevant times.

24. Defendants' failure to pay Plaintiff an amount at least

equal to the applicable New York State minimum wage in effect during the relevant time periods was willful and lacked a good faith basis, because Defendants set his work schedule and rates of pay, paid him, and therefore were aware that he was not compensated at the applicable New York State minimum wage, at certain points during his employment with Defendants.

25. Defendants also failed to pay Plaintiff any overtime compensation at least equal to one-and-one-half (1.5) times the greater of Plaintiff's regular rate of pay or the applicable New York State minimum wage in effect for all hours he worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

26. Defendants' failure to pay Plaintiff the overtime premium for additional overtime hours he worked was willful and lacked a good faith basis, because Defendants set Plaintiff's work schedule and rate of pay, directly paid him, and therefore were aware that he was working in excess of forty hours per week, and that he was not compensated at the lawful overtime rate, during his employment with Defendants.

27. Defendants also failed to pay Plaintiff an additional hour's pay at applicable minimum wage for each shift he has worked lasting longer than ten hours from start to finish (the "spread-of-hours" compensation) in violation of the NYLL and supporting regulations.

28. Defendants' failure to pay Plaintiff the spread-of-hours compensation was willful and lacked a good faith basis, because Defendants set Plaintiff's work schedule and compensation, directly

paid him, and therefore were aware that he was working shifts in excess of ten hours in length, and that he was never been paid for such shifts during his employment by Defendants.

29. Plaintiff received no paystubs or wage statements of any sort with his pay during his employment by Defendants, which caused him financial harm as a result of him not being informed of the actual amount paid on an hourly basis, and the lawfully applicable rates of pay owed him at all relevant times herein.

30. Defendants also failed to provide Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act - including, inter alia, the Defendants' contact information, the regular and overtime rates, and intended allowances claimed - and failed to obtain Plaintiff's signature acknowledging the same, upon Plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time, causing him financial harm resulting from him not being informed of the actual amount he was paid on an hourly basis and the lawfully applicable rates of pay owed him at all relevant times herein.

31. Defendants failed to provide Plaintiff with weekly records reflecting his compensation and hours worked during his employment by Defendants, in violation of the Wage Theft Prevention Act causing him financial harm resulting from him not being informed of the actual amount he was paid on an hourly basis and the lawfully applicable rates of pay owed him at all relevant times herein.

32. Defendants also have failed to provide Plaintiff with a

written notice that he would be taking a tip credit from the minimum wage upon Plaintiff's hiring or at any time thereafter.

33. Upon information and belief, while Defendants employed Plaintiff, and throughout all relevant time periods, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

**COUNT I**
**Violations of the Fair Labor Standards Act**
**(Failure to Pay Overtime Compensation)**

34. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

35. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

36. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff proper overtime compensation at rates at least equal to one-and-one-half (1.5) times the greater of Plaintiff's regular rate of pay or the applicable New York State minimum wage in effect for each of the hours he worked in excess of forty hours per workweek.

37. As a result of Defendants' willful failure to compensate Plaintiff at the lawful overtime rate of pay for each hour of work performed in excess of forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

38. The foregoing conduct, as alleged, constituted a willful

violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and lacked a good faith basis within the meaning of 29 U.S.C. § 260, because Defendants set Plaintiff’s work schedule and rate of pay, paid him, and therefore were aware that Plaintiff was working in excess of forty hours per week, and that they were not compensating Plaintiff at the lawful overtime rate, during his employment with Defendants.

39. Due to the Defendants’ FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys’ fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

**COUNT II**

**Violations of New York Labor Law**
**(Failure to Pay Overtime Compensation)**

40. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

41. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

42. Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least equal to one-and-one-half (1.5) times the greater of Plaintiff’s regular rate of pay or the applicable New York State minimum wage in effect for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations.

43. Defendants’ failure to pay Plaintiff overtime compensation was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations, because

Defendants set Plaintiff's work schedule and rate of pay, paid him, and therefore were aware that Plaintiff was working in excess of forty hours per week, and that they were not compensating Plaintiff at the lawful overtime rate, during his employment with Defendants.

44. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT III**
**Violations of New York Labor Law**
**(Failure to Pay Minimum Wage)**

45. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

46. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

47. Defendants willfully violated Plaintiff's rights by failing to pay him the lawfully required hourly rate at least equal to applicable New York State minimum wage in violation of the New York Labor Law §§ 190-199, 652, and its supporting regulations, including the New York State Miscellaneous Industries and Occupations Wage Order.

48. Defendants' failure to pay Plaintiff the lawfully required minimum hourly rate was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting

regulations, because Defendants set Plaintiff's work schedule and rates of pay, paid Plaintiff, and therefore were aware that they were not compensating Plaintiff at the applicable statutory minimum wage during his employment by Defendants.

49. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wage compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT IV**
**Violations of New York Labor Law**
**(Failure to Pay Spread-Of-Hours Compensation)**

50. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

51. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

52. Defendants willfully violated Plaintiff's rights by failing to pay him an additional hour's pay, at applicable minimum wage, for each shift worked lasting in excess of ten hours in length from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations.

53. Defendants' failure to pay Plaintiff the spread-of-hours compensation was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations, because Defendants set Plaintiff's work schedule and compensation,

paid him, and therefore were aware that Plaintiff was working shifts in excess of ten hours in length and that they were not compensating Plaintiff for such shifts during his employment by Defendants.

54. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §§ 198 and 663(1).

**COUNT V**

**Violations of New York Labor Law - Wage Theft Prevention Act (Failure to Provide Wage Notices / Wage Statements / Notice at the Time of Hiring and Failure to Maintain Time and Compensation Records)**

55. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

56. At all relevant times herein, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

57. Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices and statements required by the Wage Theft Prevention Act when he was hired, or at any time thereafter, causing financial harm to Plaintiff by preventing him being aware of, informed of and from receiving his lawfully owed compensation including minimum wage, overtime premium and spread-of-hours premium.

58. Defendants have continued to willfully violate Plaintiff's rights by failing to provide him with weekly wage statements regarding his overtime pay, required by the Wage Theft Prevention Act at any

time during his employment, causing financial harm to Plaintiff by preventing him from receiving his lawfully owed compensation including overtime premium.

59. Due to the Defendants' New York Labor Law violations relating to the failure to provide Plaintiff with the paystubs, and the resulting financial harm caused, Plaintiff is entitled to recover from Defendants statutory damages of $250 per day, for each day of his employment by Defendants, up to the maximum statutory damages.

60. Due to the Defendants' New York Labor Law violations relating to the failure to provide wage notices, and the resulting financial harm caused, Plaintiff is entitled to recover from Defendants statutory damages of $50 per day for each day of his employment by Defendants, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

B. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth

herein;

C. A compensatory award of unpaid minimum wage compensation, at the applicable statutory rate, due under the New York Labor Law.

D. A compensatory award of unpaid overtime compensation, at the statutory overtime premium rate, due under the FLSA and the New York Labor Law;

E. A compensatory award of unpaid spread-of-hours compensation, at the applicable statutory rate, due under the New York Labor Law;

F. An award of liquidated damages as a result of the Defendants' willful failure to pay the applicable minimum wage and overtime compensation pursuant to 29 U.S.C. §216;

G. An award of liquidated damages for the Defendants' New York Labor Law violations;

H. An award of statutory damages for the Defendants' violation of the New York Wage Theft Prevention Act;

I. Back pay;

J. Punitive damages;

K. An award of prejudgment and post-judgment interest;

L. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

and

M. Such other, further, and different relief as this Court deems just and proper.

Dated: November 25, 2026
New York, New York

By: *<u>/s/ Michael Samuel</u>*
Michael Samuel, Esq. (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
*Attorneys for Plaintiff*